

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| U.S. ex rel. Jorge Gonzalez, | ) |
| Petitioner, | ) |
| v. | ) No. 03 C 7816 |
| Roger Walker, | ) Wayne R. Andersen |
| | ) District Judge |
| Respondent. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the court order requesting that Petitioner show good cause why his habeas petition should not be dismissed as time-barred. For the following reasons, Petitioner's habeas petition is dismissed as time-barred.

## BACKGROUND

Petitioner, Jorge Gonzalez, was convicted of first degree murder by a jury in the Circuit Court of Cook County on July 16, 1997 and was sentenced to 38 years imprisonment. Petitioner appealed to the Illinois Appellate Court, First District, which affirmed his conviction on November 19, 1999. He then filed a petition for leave to appeal to the Illinois Supreme Court which was denied on July 5, 2000. He also filed a post-conviction petition in the Circuit Court of Cook County on April 28, 2000, which was denied on May 26, 2000. Petitioner did not appeal the denial of his post-conviction petition.

Petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 3, 2003, challenging his 1997 conviction for first degree murder. On November 18, 2003, this Court ordered petitioner to show good cause why his habeas petition should not be

dismissed as time-barred pursuant to the one-year period of limitation for a writ of habeas corpus under 28 U.S.C. § 2244(d)(1). On December 17, 2003, the petition for writ of habeas corpus was dismissed because it appeared that petitioner's reply to show cause was not timely filed by December 9, 2003. That order was vacated, however, on January 9, 2004 upon discovery that the reply to show cause was timely filed, and the rule to show cause was then taken under advisement. The issue now before this Court is whether the petition for writ of habeas corpus should be dismissed as time-barred pursuant to the one-year period of limitation under 28 U.S.C. §2244(d)(1).

## STANDARD OF LAW

Under the AEDPA, a one-year period of limitation applies to applications for habeas corpus review. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence

28 U.S.C. § 2244(d)(1).

This one-year period of limitation is subject to equitable tolling. *Taliani v. Chrans*, 189 F.3d 597, 597-98 (7th Cir. 1999). Equitable tolling, however, is granted sparingly and only when "extraordinary circumstances far beyond the litigant's control must have prevented timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

2

## DISCUSSION

In this case, Petitioner's conviction became final when his petition for a writ of certiorari was denied by the Illinois Supreme Court on July 5, 2000. He filed a habeas petition in this Court on November 3, 2003, well outside the one-year statute of limitations under the AEDPA. Petitioner contends that the one-year period of limitation does not bar him from seeking habeas corpus review because he did not have knowledge of the existence of the writ or the time limitations applicable to filing such a petition. Petitioner also contends that Congress exceeded its authority in enacting the one-year period of limitation for habeas review because it failed to provide for the case of the petitioner who was totally unaware of the remedy of the writ or its procedural requirements.

The Seventh Circuit has held that a failure to file a habeas petition within the one-year period of limitation under § 2244(d)(1) may be excused if the petitioner shows that he could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time. *Taliani v. Chrans*, 189 F.3d 597 (7th Cir. 1999). A lawyer's mistake is not an extraordinary circumstance justifying the application of equitable tolling. *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001) (citing *Taliani*, 189 F.3d at 598). Lawyers are agents, and their acts (good and bad alike) are attributed to the clients they represent. *Johnson v. McBride*, 381 F.3d 587, 589 (7th Cir. 2004) (citations omitted). A prisoner cannot prevent an attorney from bungling his case, but the court will nonetheless hold a prisoner responsible for his attorney's bungling. *Johnson*, 381 F.3d at 590.

Petitioner argues that his primary reason for not applying for federal habeas review within the one-year period of limitation was ignorance of the existence of federal habeas review and the AEDPA's one-year period of limitation. Petitioner asserts that he was never advised of

3

the existence of federal habeas corpus review by any attorney or court, being a person of limited and somewhat minimal education. However, attorney negligence or oversight is not an extraordinary circumstance justifying equitable tolling. Thus, Petitioner's lawyer's failure is not a legal justification for tolling the period of limitations.

Petitioner also contends that Congress exceeded its authority in enacting the one-year period of limitation for habeas corpus review under the AEDPA because the limitation fails to provide for a situation when a petitioner is unaware of the remedy of the writ or its procedural requirements. Petitioner suggests that habeas corpus review is similar to Fifth Amendment *Miranda* rights which the Supreme Court has held cannot be waived unless voluntary, and the AEDPA's one-year period of limitation is unconstitutional because it imposes an involuntary waiver on criminal defendants.

The AEDPA was passed in 1996 to deter terrorism, provide justice for victims, and provide for an effective death penalty. Petitioner's conviction in this case was affirmed on direct appeal, his petition for leave to appeal to the Illinois Supreme Court was denied, and his post-conviction petition was dismissed in the Circuit Court of Cook County. Petitioner cannot claim that with reasonable diligence he could not have discovered all information he needed to file his federal habeas corpus claim on time. His claim of ineffective trial counsel was known to him at the time of his appeal in the Illinois Appellate Court in 1999. *People v. Gonzales*, No. 1-97-2769 at 18. His knowledge therefore predates the one-year time limitation for habeas review (May 26, 2001) by almost two years. Therefore, we find that the one-year period of limitations is not subject to equitable tolling in this case.

## CONCLUSION

Because Petitioner filed his petition on November 3, 2003, and this date was more than one year from the date his criminal conviction was made final, the habeas petition is dismissed as time-barred. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: November 30, 2005